(No. 823—Claimant awarded $2,500.00.)

JAMES WADE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in the construction of its public highways exercises a governmental function and is not liable for injuries sustained by its employees in its construction.

SOCIAL JUSTICE AND EQUITY—*award may be made.* While the State is not liable for injuries sustained by its employees while in the discharge of their duty, an award may be made to such employee, and compensation fixed by the provisions of the Workmen's Compensation Act.

CAPPS & WEAVER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant, James Wade, who was in the employ of the State of Illinois on August 8, A. D. 1922, near Florence, in Pike county, Illinois, as a stationary engineer and laborer under the Division of Highways, Department of Public Works and Buildings of the State of Illinois, brings his suit for damages for injuries received by him while in the performance of his duty. The testimony in this case shows that on the date above mentioned, James Wade was employed by the proper officials of the State or of the highway department to fire a steam boiler which produced steam for the operation of the drills used in preparing to blast the rock from the bluff which was used for the construction of the road, or in order to get the rocks away from the proposed course of the new road. It was a part of his duty to attend to the line of iron pipe called the steam line, which ran from the boiler to the place where the drills were used, and while so doing his usual work, together with other workmen, was directed to repair the steam line, which was leaking. He, with the other workmen proceeded to carry out this order, and while working on the steam line, which was supported on cross pieces, his foot slipped on some loose rocks or gravel and he put forth his hand to steady himself, and his hand struck some object with sufficient force to produce a small wound. He immediately washed the wound and gave it little thought, but later it was apparent that the wound had become infected. He was ordered to proceed to Dr. Goodin for treatment. He took this

treatment, but the wound did not yield to the treatment, and he was ordered by his foreman to go to Dr. R. O. Smith, who was then a practising physician and surgeon at Pittsfield, the county seat town, about eleven miles from where he was working. His condition became so bad that he had to submit to an operation, and finally lost the first or index finger, and has also lost the use of the second and third fingers, so that at present there is very little movement of any of the fingers of the hand except a slight movement of the thumb and little finger.

The Attorney General of the State of Illinois filed a demurrer, which, as a matter of law, is sustained.

It appears that claimant is a man of very little property and of no education, and up to the time of the injury had made his living by manual labor; that he has two minor children, who live with him, and that his wife died shortly before the injury occurred. The claimant has been paid some money by the State of Illinois, to the extent of about $500.00, and his physician's bills have been paid in so far as he knows. While the State is not legally liable for the payment of an award, the court, as a matter of social justice and equity, awards said claimant the amount which he would be entitled to receive under the Workmen's Compensation Act for the injury sustained, or the sum of $2,500.00.